UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**NATHANIEL JEANPIERRE, III**                                              **CIVIL ACTION**

**VERSUS**                                                                          **NO. 10-4395**

**ORLEANS SHERIFF GUSMAN, ET AL.**                              **SECTION "R"(3)**

**REPORT AND RECOMMENDATION**

Plaintiff, Nathaniel Jeanpierre, III, a state pretrial detainee, filed this civil action pursuant to 42 U.S.C. § 1983. He named as defendants Orleans Parish Sheriff Marlin Gusman, Warden Boddlon, Assistant Warden Jones, and Watch Commander Jones. In this lawsuit, plaintiff claims that his father died due to a lack of security and medical attention while incarcerated within the Orleans Parish Prison system on May 5, 2005.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1] Regarding such lawsuits, federal law further requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous ...." 28 U.S.C. § 1915A(b)(1).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides: "Notwithstanding any filing fee, or any portion thereof, that may

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... is frivolous ...." 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

Although broadly construing plaintiff's complaint,[2] the undersigned finds that the complaint should be dismissed as frivolous because it is clearly prescribed.

In Louisiana, a plaintiff has only one year from the date his claim accrues in which to file suit under 42 U.S.C. § 1983. See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) ("[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." (citation omitted)); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008). In the instant case, the wrongful death claim accrued no later than the date of the father's death on May 5, 2005. See Brockman v. Texas Department of Criminal Justice, No. 09-40940, 2010 WL 3926860 (5th Cir. Sept. 30, 2010).[3] However, plaintiff's federal complaint was

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[3] In Brockman, the Fifth Circuit explained that wrongful death claims under § 1983 accrue at the time of the underlying specific misconduct, which may in fact have occurred prior to the date of the actual death. In the instant case, plaintiff does not allege exactly when the purported misconduct occurred; however, it had to have been on or before the date of death, May 5, 2005.

not filed until 2010, approximately *five years* after the claim accrued in 2005.  Accordingly, the claim prescribed long before the instant lawsuit was filed.  A complaint asserting a prescribed claim is properly dismissed as frivolous.  See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith, 2008 WL 2951279, at *2.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this twenty-ninth day of November, 2010.

*[signature]*

   **DANIEL E. KNOWLES, III**
   **UNITED STATES MAGISTRATE JUDGE**

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.